IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donovan Jamarr Bennett, | ) | Civil Action No. 4:13-846-TLW |
| | ) | Cr. No. 4:08-367 |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Donovan Jamarr Bennett, (hereinafter "Petitioner" or "Defendant"). On April 22, 2008, a federal grand jury indicted Defendant along with five co-defendants, in a fifteen-count indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (all in violation of § 846), along with a number of substantive counts of distribution and possession with intent to distribute cocaine base (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C)). (Doc. # 2). On August 25, 2008, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that based on his prior conviction for possession of cocaine, he was subject to a statutory minimum of 20 years imprisonment under 21 U.S.C. § 841(b)(1)(A). (Doc. #110). On September 2, 2008, Defendant pled guilty to the Count 1 of the Indictment. (Doc. # 121). On August 4, 2009, following a motion for downward departure by the Government, Defendant was sentenced to 192 months imprisonment, to be followed by 10 years of supervised release. (Docs. # 258, 264, 269). The Judgment was entered on August 31, 2009. (Doc. # 269). Defendant did not appeal his conviction or sentence. On November 3, 2011, Defendant filed

a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence based on the retroactive amendments to the Guidelines applicable to crack cocaine offenses. (Doc. # 354). On May 17, 2012, this Court denied Defendant's §3582(c)(2) motion. (Doc. # 365).

On March 28, 2013, (over three and one half years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 387).  On May 2, 2013, the Government filed a response in opposition and a  motion to dismiss the petition as well as a motion for summary judgment.  (Docs. # 392 & # 393).  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed May 2, 2013 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 394). Petitioner did not file a response.  The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F.

Supp. 2d 885, 890 (D.S.C. 2004). In <u>Leano</u>, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" <u>Leano</u>, 334 F. Supp. 2d at 890 (<u>quoting United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's <u>pro se</u> motion, and finds that no hearing is necessary.

## <u>STANDARD OF REVIEW</u>

The Government has moved to dismiss and or for summary judgment as to Petitioner's motion. (Docs. # 392 & # 393). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." <u>Federal Trade Commission v. Innovative Marketing, Inc.</u>, 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009) (<u>citing Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the

non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

In his petition, Petitioner raises a single ground for relief in which he claims that Amendment 742 to the Sentencing Guidelines which, among other things, eliminated the "recency" points added to a defendants's criminal history score under previous versions of U.S.S.G. 4A1.1, should be applied retroactively to his case and that, if so applied, the Amendment would have the effect of reducing his sentence. The Government asserts that Petitioner's § 2255 Motion is untimely and should be dismissed on that basis. In the alternative, the Government asserts that even if Amendment 742 were applied to his case, it would have no impact on Petitioner's sentence. The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful  review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over three and one half years before he filed the current § 2255 Motion. Again, Petitioner was sentenced on August 4, 2009 and the Judgement was entered on August 31, 2009. Under Fed. R. App. P. 4(b)(1)(A), as it existed

at the time of Petitioner's sentencing, Petitioner had 10 days after the entry of the judgement to file a direct appeal.[1]  However, Petitioner did not file an appeal.  When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008).   Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about September 10, 2009, which is also the date the one year limitations period began to run. Thus, under § 2255(f)(1), Petitioner had one year, specifically until September 10, 2010, in which to file his § 2255 Motion. However, Petitioner did not file his § 2255 Motion until March 21, 2013, at the earliest (the date he placed his Motion in the prison mailing system), some two and one half years after the statute of limitations to file his habeas petition expired.  Accordingly, the Court is constrained to conclude that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Furthermore, this Court is not persuaded that any of the other three potential triggering dates set forth in Section 2255(f) apply to this case.  Petitioner does not allege, much less establish, that the Government engaged in any unconstitutional or otherwise illegal action which prevented him from filing his § 2255 Motion under § 2255(f)(2). Neither can Petitioner claim that his Motion is timely under § 2255(f)(3). Under § 2255(f)(3), a Supreme Court decision making a new right retroactive on collateral review would allow a prisoner to assert the right in a § 2255 Motion brought

---

[1]Fed. R. App. P. 4(b)(1)(A) was amended, effective December 1, 2009, to allow a criminal defendant fourteen days, rather than ten days, to file an appeal. Even if Petitioner were allowed an additional four days under the amended rule, his current § 2255 Motion would still be well outside the applicable statute of limitations.

within one year of the Supreme Court decision. Because an amendment to the Sentencing Guidelines is not a Supreme Court decision, Amendment 742 cannot reset the clock on the limitation period or render Petitioner's § 2255 Motion timely under § 2255(f)(3). Furthermore, although Petitioner is seeking to have Amendment 742 applied retroactively to his case, the Sentencing Commission did not make the Amendment retroactive by listing it in U.S.S.G. § 1B1.10(c), nor can Petitioner point to any court of appeals decision which has held that it applies retroactively.

Petitioner is relying on § 2255(f)(4) to save his § 2255 Motion. He claims that his "Motion is timely under § 2255(f)(4), because the facts supporting his claim could not have been discovered through the exercise of due diligence before the "Recency Amendment" or Amendment 742 became final.  As an initial matter, Petitioner assumes that an amendment to the Sentencing Guidelines constitutes a "fact" supporting a claim under § 2255(f)(4), and he cites Johnson v. United States, 544 U.S. 295 (2005), as support for that proposition.  However, Johnson dealt with the "fact" of the vacatur of a predicate conviction for a career offender enhancement, not an amendment to the Sentencing Guidelines. 544 U.S. at 308-311. Petitioner cites no authority holding that a Guidelines amendment constitutes a "fact" the discovery of which can reset the clock on the limitation period under § 2255(f)(4). Nonetheless, even assuming arguendo  that an amendment to the Guidelines can amount to such a "fact", Petitioner's § 2255 Motion is still untimely.

The effective date of Amendment 742 was November 1, 2010. U.S.S.G., Appendix. C - Vol. III, p. 354. If this is considered one of the "facts supporting the claim" for § 2255(f)(4) purposes, Petitioner had one year from the date he should have discovered that the Amendment was in effect to file his § 2255 Motion. However, his Motion was not filed until more than two years and four months after the effective date of the Amendment. The Government notes that Petitioner has offered

no explanation as to why it would have taken him so long to discover that Amendment 742 was in effect, and further asserts that any such explanation would be implausible given the fact that on November 3, 2011, Bennett managed to file a § 3582(c)(2) motion for reduction of his sentence based on another amendment to the Guidelines for crack offenses.

The Government notes that Petitioner attempts to explain his delay based on the limited availability of his Presentence Investigation Report ("PSR"), while he was incarcerated. However, as the record shows Petitioner did have access to his PSR prior to his sentencing on August 4, 2009. As the sentencing hearing transcript shows, Petitioner was asked directly by this Court: "Mr. Bennett, have you had sufficient time to review the Presentence Report in your case?" Defendant responded: "Yes, sir." Sentencing Transcript, p. 2. (Attached as Exhibit 1 to the Government's supporting memorandum). The Court again directly addressed Defendant and asked if he had any objections to the PSR, and Defendant responded that he did not. Id. Thus, contrary to his allegation in his § 2255 Motion, Defendant had access to his PSR, and the specific criminal history calculations about which he now complains, over three years and seven months before he filed his Motion. The Government asserts that Petitioner offers no reasonable explanation for this inordinate delay. After careful review and consideration, and because the Court concludes that Petitioner failed to file his § 2255 Motion within a year of the date he could have discovered the supporting facts through the exercise of due diligence, his Motion is untimely under § 2255(f)(4).

Finally, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his

control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330.  As shown above, Petitioner's complaints about his limited access to his PSR while incarcerated, ignores the fact that he not only had access to his PSR prior to sentencing, but he also had the assistance of counsel during his review of the PSR as well. The Government argues that Petitioner's complaints about access to his PSR post-sentencing do not rise to the level of "extraordinary circumstances" sufficient to trigger the application of equitable tolling to excuse Petitioner's untimeliness.  The Court finds the Government's position to be sufficiently persuasive.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

Although the Court dismisses this case as untimely, the Court notes that even if it were to consider the merits of Petitioner's § 2255 Motion and apply Amendment 742 retroactively to his case, the Amendment would have no impact on the calculation of his criminal history category or his advisory guideline range. Amendment 742 changed U.S.S.G. § 4A1.1 by eliminating the "recency" points formerly added to the criminal history score if a defendant committed the instant offense less than two years after his release from imprisonment or while in imprisonment or escape status. However, contrary to Petitioner's assertions, his criminal history score was never increased by any "recency "points under the previous version of § 4A1.1(e). Rather, according to his PSR, two points were added to Petitioner's criminal history score under § 4A1.1(d) for committing the instant offense while on probation for possession with intent to sell or deliver cocaine. PSR, paragraph 34. Furthermore, U.S.S.G. § 4A1.1(d), which adds two points to a defendant's criminal history score for committing "the instant offense while under any criminal justice sentence, including probation,

9

4:08-cr-00367-TLW    Date Filed 08/02/13    Entry Number 402    Page 10 of 10

parole, supervised release, imprisonment, work release, or escape status," was unchanged by Amendment 742 and remains in effect. Thus, it appears that Petitioner's criminal history score was appropriately increased by two points under § 4A1.1(d). Based on this assessment, the Court is not sufficiently persuaded that Petitioner's § 2255 Motion provides any basis to question the accuracy of the criminal history category attributed to him in his PSR.

### CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 387) and the Government's motion to dismiss is **GRANTED** (Doc. # 392). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

August 2, 2013
Florence, SC