IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:08-cr-00367-TLW-5 |
| v. | **Order** |
| Donovan Jamarr Bennett | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced. In his motion, he seeks a reduction of his supervised release term from 10 years to 4 years.[1] ECF No. 554 at 4 n.1. As a result of this change in the law and for the reasons discussed in detail below, the Court concludes that a reduction in his term of supervised release is warranted, but that a term of 5 years is appropriate, not the 4 years that he requests.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846.[2] After taking into account the § 851 Information that the

---

[1] He has already served the custody portion of his sentence.

[2] The PSR reflects that he also pled guilty to 5 kilograms of cocaine. However, there is no indication in the PSR that he was actually involved in the distribution of cocaine. Because of that, both parties agree that the cocaine penalties should be disregarded for purposes of this motion. The Court agrees and also notes that even if the cocaine penalties were considered, the Fourth Circuit has recently concluded that a defendant convicted of a multi-object drug conspiracy involving crack and some other drug is

1

Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 71, 75.

At sentencing, Defendant was held accountable for 11.7 kilograms of crack. PSR ¶ 21. His Guidelines range was 262–327 months (37/III), followed by 10 years of supervised release. PSR ¶¶ 72, 78. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing three levels, his reduced Guidelines range became 188–235 months (34/III). The Court imposed a 192-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 269. The Court later reduced his sentence to 160 months imprisonment on his motion pursuant to Amendment 782 to the Guidelines. ECF No. 488.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280

---

still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Furthermore, considering the statutory penalties applicable to cocaine would have no impact on the outcome of this motion.

grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).

There are two questions presented by this motion: (1) whether a reduction from the § 841(b)(1)(A) penalties to the § 841(b)(1)(B) penalties is warranted based on the modifications in the Fair Sentencing Act;[3] and (2) whether a reduction is mandated by the Fourth Circuit's recent decision in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). The Court will address these questions in turn.

As to the first question, the Court concludes that a reduction to § 841(b)(1)(B)'s supervision terms—4 years without a § 851 Information or 8 years with—is not warranted. The primary reason for that is because the crack weight that Defendant was held accountable for at sentencing—11.7 kilograms—is obviously a large amount and easily would have supported a charge to the current § 841(b)(1)(A) threshold amount of 280 grams. In addition, he received a gun enhancement in this case and has a lengthy prior record. Thus, the Court concludes that § 841(b)(1)(A)'s supervision terms—5 years without a § 851 Information or 10 years with—should continue to apply.

That raises the second question—is Defendant entitled to a reduction in his supervised release term from 10 years to 5 years? The answer to that question

---

[3] Section 841(b)(1)(A) requires a supervision term of at least 10 years if a § 851 Information has been filed or at least 5 years otherwise. Section 841(b)(1)(B) requires a supervision term of at least 8 years if a § 851 Information has been filed or at least 4 years otherwise.

3

depends on whether Defendant's § 851 Information remains valid, and if not, whether that can be corrected on a First Step Act motion.

The conviction cited in the § 851 Information—a North Carolina conviction for Possession of Cocaine—is found in Paragraph 27 of the PSR.[4] The Government concedes that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), this conviction would no longer count as an enhancing conviction under §§ 841 and 851. *See* ECF No. 558 at 5. However, the Government argues that the Court should not reduce his term of supervised release below 8 years, which is the statutory term that would apply if the § 841(b)(1)(B) penalties were applied with the Information still in place. Essentially, the Government argues that the Court should not revisit the Information's validity on a First Step Act motion.

The Government's position that the Court should not revisit the § 851 issue at this time is foreclosed by *Chambers*, which the Fourth Circuit decided after the Government filed its response in this case. In *Chambers*, the defendant was sentenced as a career offender based on a North Carolina drug offense that counted as a career offender predicate conviction at the time of his sentencing, but would no longer count post-*Simmons*. The district court denied his First Step Act motion because the judge believed that the First Step Act did not authorize the correction of a *Simmons* Guidelines error. The Fourth Circuit disagreed, holding that "any Guidelines error deemed retroactive, such as the error in this case, *must* be corrected

---

[4] This conviction is listed in the PSR as "Possess With Intent to Sell or Deliver Cocaine," but at sentencing, this was modified to "Possession of Cocaine," as reflected in the Statement of Reasons. *See* ECF No. 270 at 1.

4

in a First Step Act resentencing." *Chambers*, 956 F.3d at 668 (emphasis added).

This case involves a § 851 enhancement rather than a Guidelines calculation, but that favors Defendant's position. If, as *Chambers* held, the First Step Act requires the correction of a retroactive error in calculating the advisory Guidelines, then certainly the First Step Act also requires the correction of a retroactive error in calculating the statutory penalties. As discussed above, without a valid § 851 Information and with the § 841(b)(1)(A) penalties still in force, his statutory term of supervised release at least 5 years. *See* 21 U.S.C. § 841(b)(1)(A).

For these reasons and pursuant to the First Step Act, Defendant's motion, ECF No. 554, is **GRANTED**, and his term of supervised release is reduced to five years. An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 5, 2020
Columbia, South Carolina

5